. [No. 6310.]

### DOTY v. HEISER ET AL.

1. **Appeals—Finding on Conflicting Evidence** will not be reviewed, if there is sufficient evidence to sustain it.—(491)

2. **——Party Confined to Positions Taken Below**—A party will not, upon appeal, be heard to present a contention not taken in the court below.—(493)

3. **——Harmless Error**—The refusal of an instruction is not prejudicial, where the proposition is given in another part of the charge.—(492)

4. **Instructions—As to Preponderance of Evidence**—It is not required that the instructions should designate any degree of preponderance in the evidence, in order to a recovery.—(492)

*Appeal from Boulder District Court* — Hon. JAMES E. GARRIGUES, Judge.

Messrs. DOWNER & HAWKINS for appellant.

Mr. J. T. ATWOOD for appellees.

Mr. JUSTICE MUSSER delivered the opinion of the court:

Plaintiffs, who are appellees here, brought this action to recover damages for their alleged wrongful ouster from a mine, which they were operating under a lease from the defendant. Most of the argument in the briefs is devoted to a matter, the determination of which depends upon the view taken of the evidence. There is evidence sustaining the theory of the plaintiffs as alleged in their complaint; there is also evidence tending to sustain the theory of the defendant. This matter seems to us to have been submitted to the jury under proper instructions and the jury found against the defendant. There is much evidence in the case and it would be of no avail to dissect it, for a careful reading of it leads but to the conclusion that there is sufficient evidence to sustain the verdict of the jury. It is the contention of the defendant that the lease provided that any assignment thereof to any third party, without the written consent of the defendant, would be a ground for forfeiting the lease, and that such an assignment had been made to the plaintiff Harris, and the lease was on that account forfeited. The plaintiffs, on the contrary, contended that the assignment of an interest in the lease to Harris was in accordance with an agreement made at the time the lease was made and as a part of it. There is evidence to support this contention, and as the jury have so found, under proper instructions, their finding must stand.

Complaint is made of the refusal of the court to give certain instructions and of certain instructions given. It is said that the court refused to give a requested instruction defining the liability of a lessee

holding over after the expiration of the term with the assent of the lessor. The court gave this instruction in Instruction No. 9 substantially as requested. A part of requested Instruction No. 3, which appears to be a statement of matters in dispute, was substantially given by the court in Instruction No. 1, which was a full statement of the allegations contained in the complaint, answer and replication, and the law relating to a preponderance of evidence was correctly given by the court when he told the jury, in Instruction No. 7, that the burden of proof was upon the plaintiffs to establish their case by a preponderance of the evidence, and it was not necessary for the court to designate any degree of preponderance, as contemplated in requested Instruction No. 3. Requested Instruction No. 5 was a direction to the jury to return a verdict for the defendant. To have given such an instruction in the state of the evidence would have been error. The matter embraced in requested Instruction No. 8 was contained in Instruction No. 2. The defendant, in his testimony, says that it was agreed that the original lessees could take in a third party, providing he knew who the third party was and acquiesced in the selection, so that even under the lease, as claimed by the defendant, before the provision relative to assignment could be violated, the assignment would have to be made to a party without the written consent of Doty, and without his knowledge and acquiescence. So that the Court made no error in Instruction No. 2 when he so instructed the jury upon the theory of the defendant. Only one other assignment of error is worthy of notice. The defendant claims that under the lease which the plaintiffs had, a certain amount of work was to be performed by the lessees, which they did not perform, and for this reason they had forfeited their lease.

In Paragraph 3 of his answer, the defendant alleged that a few days prior to the 12th day of March, which was the date of the ouster, he learned that an interest in the lease had been asigned to Harris; that the assignment was without his knowledge and consent and in violation of the terms of the lease and that the lessees had violated the lease by so doing; that a few days after he learned of this assignment, he notified the lessees that the lease was forfeited on account of the violation thereof. From the allegations of the answer, it is plain that the forfeiture was declared on account of the assignment to Harris. True, later on in the answer it is alleged that the lessees had not done the required amount of work and that they thereby forfeited the lease, but the forfeiture declared, as set forth in the answer, was so declared on account of the assignment and not on account of the failure to do the work. Furthermore, in the instructions requested by the defendant, the court was requested to instruct the jury relative to the forfeiture of the lease on account of the assignment, and no instruction was asked relating to the forfeiture of the lease on account of the failure to do the work required. So that it is plain that the reason assigned for declaring a forfeiture was the assignment to Harris. The defendant will not now be permitted to shift his ground and be allowed a forfeiture of the lease for a reason other than that assigned by him.

Perceiving no error in the record, the judgment is affirmed.                                   *Affirmed.*

Mr. JUSTICE GABBERT and Mr. JUSTICE HILL concur.